UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSE ELVIS GUEVARA MELENDEZ,

               Petitioner,

v.

UNKNOWN PARTY #1 et al.,

               Respondents.
_____/

Case No. 1:26-cv-952

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.14.)

In an order entered on March 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on April 1, 2026. (ECF No. 5.)

## II.      **Relevant Factual Background**

Petitioner is a citizen of El Salvador who was admitted to the United States pursuant to an H2B visa on May 31, 2002. (Pet., ECF No. 1, PageID.2.) On February 15, 2026, Petitioner was arrested by ICE agents. (*Id.*, PageID.6.)

On March 5, 2026, Petitioner received a bond hearing before Immigration Judge Ellen Karesh. (*Id.*; Immigration Judge Order, ECF No. 1-9, PageID.319.) At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> Respondent entered the United States with a work visa with authorization to remain until November 2002. The Respondent failed to depart as required and did not seek to extend his legal status of seek relief by other means. The failure of Respondent to depart as required is indicative of a person who is a flight risk.
>
> Respondent has remained in the United States without permission. Respondent has been present in the United States in excess of one year. Yet despite Respondent's lengthy presence in the United States, Respondent did not notify immigration officials of his unlawful presence until he was detained by immigration officials. Respondent failed to file any applications for relief with the Court or USCIS until two days ago. While Respondent filed on March 3, 2026, an Application for Cancellation of Removal, the burden is great and only a few aliens are granted such relief. Respondent has not demonstrated he has a sufficient likelihood of success in reference to any immigration relief.
>
> The court finds Respondent is a flight risk and therefore denies his request for a change in custody status.

(Immigration Judge Order, ECF No. 1-9, PageID.319.)

## III.     **Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 5, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:     April 8, 2026                              /s/ Jane M. Beckering
                                                                      Jane M. Beckering
                                                                      United States District Judge

3